**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**MARTIN P. SHEEHAN,**
             Plaintiff

**v.**                                                          **Case No. 2:26-cv-180**

**West Virginia Judicial Investigation Commission**
**and Teresa Tarr, in her official capacity**
**as Counsel to the West Virginia Investigation Commission**

**Motion, with Citation of Legal Authorities, in Support of Issuance**
**of a Temporary Restraining Order, a Preliminary and Permanent Injunction**

Now come , Martin P. Sheehan, by his attorneys, Martin P. Sheehan, Esq., and Sheehan

& Associates, PLLC and file this Motion for a Temporary Restraining Order, a Preliminary and

Permanent Injunction against the West Virginia Judicial Investigative Commission and Teresa

Tarr, in her official capacity. In support of this Motion, the Plaintiff states as follows:

1.      As outlined in the Verified Complaint filed in this action, Martin P. Sheehan is a

judicial candidate for election to the Supreme Court of Appeals of West Virginia in May of

2026. He satisfies all the prerequisites to be elected.

2.      As a judicial candidate, the Plaintiff has the right under the First Amendment to

the United States Constitution to express himself in campaigning.

3.      However, pursuant to Rule 4.1 of the West Virginia Code of Judicial Conduct, a

"judicial candidate" is prohibited from engaging in certain election conduct.

4.      Said prohibitions, set forth in Rule 4.1 (A), provide a judicial candidate cannot:

> (10) make any statement that would reasonably be expected to affect the outcome
> or impair the fairness of a matter pending* or impending* in any court; or
> (11) in connection with cases, controversies, or issues that are likely to come
> before the court, make pledges, promises, or commitments that are inconsistent
> with the impartial performance of the adjudicative duties of judicial office.

5.      Enforcement of such rules would adversely affect the First Amendment rights of

the Plaintiff in an election campaign by prohibiting what is protected speech.

6.   Said rules appear unenforceable pursuant to the decision of the Supreme Court of the United States in <u>Republican Party of Minnesota v. White, Chairperson, Minnesota Board of Judicial Standards</u>, 536 U.S. 765 (2002). In that case, the Supreme Court held that limitations on "announcing his or her views on disputed legal or political issues" by a candidate for Associate Justice of the Minnesota Supreme Court was an unconstitutional violation of the rights of the judicial candidate.

7.   Said case establishes a controlling precedent of constitutional law. Pursuant to that precedent, West Virginia Code of Judicial Conduct, and specifically Rule 4.1 (A)(10) and (11) of said Code are unconstitutional and enforcement of either, or both, of said rules against Mr. Sheehan would be a violation of the First Amendment rights of Mr. Sheehan.

8.   The existence of such rules constitutes an threat of enforcement against the Plaintiff. Were enforcement of these rules not enjoined, the Plaintiff would suffer a restriction on his ability to communicate with voters before a statewide election to be held in May of 2026.

9.   Enforcement over election conduct is a real possibility. In <u>In re: Callaghan</u>, 238 W.Va. 495, 796 S.E.2d 604 (2017), the West Virginia Judicial Hearing Board, investigated Judge-Elect Callaghan for statements contained in a campaign flyer. While a bit different in that the allegations were that statements made in an election flyer were false, the West Virginia Supreme Court of Appeals sustained sanctions against the Judge for speech attributed to him as a candidate for elective office. To expand the potential for discipline to include a ban on truthful speech on issues relevant to the office of Justice of the Supreme Court is a violation of the First Amendment.

10.   Sanctions for violations of said rules may include, admonishment, censure,

suspension, a fine, and other sanctions as set forth in West Virginia Rule of Disciplinary Procedure 4.12. The Plaintiff should not have to face the risk of any sanction for exercising a well-established First Amendment right to campaign free of the threat of any such sanction.

11.     Pursuant to Winter v. Natural Resource Defense Council, Inc., 555 U.S. 7 (2008) the standard for issuance of an injunction is 1) that the plaintiff is likely to succeed on the mertis; 2) that the plaintiff is likely to suffer irreparable harm, 3) that the balance of equities tips in favor of the plaintiff, and 4) that the public interest favors the issuance of an injunction.

12.     The Plaintiff here is likely to succeed on the merits. Accepting as true, the facts alleged in the Verified Complaint, said facts appear indistinguishable in any material way from the facts reported in Republican Party of Minnesota v. White, Chairperson, Minnesota Board of Judicial Standards, 536 U.S. 765 (2002). Mr. Sheehan is a candidates for election to the West Virginia Supreme Court of Appeals. He meets the statutory conditions for election.

13.     He has alleged that a restriction on speech during a campaign would cause him irreparable harm that would be difficult to quantify. It is not difficult to appreciate such concern. He is under a threat of sanctions identified above for engaging in what would appear to be protected speech.

14.     The equities appear to favor the Plaintiff. The decision in Republican Party of Minnesota v. White, Chairperson, Minnesota Board of Judicial Standards, 536 U.S. 765 (2002) and the provisions of the West Virginia Code of Judicial Conduct at issue here should leave an impartial observer with the unmistakable conclusion about the balance of equities favoring the Plaintiff.

15.     The public interest in robust campaign activity also favors striking impediments to such activity. The public interest appears to favor issuance of a temporary restraining order

and preliminary injunctive relief.

16.     It is the intention of the Plaintiff upon filing of the Complaint, Summons and this Motion, to communicate the existence of such documents by e-mail to Teresa A. Tarr at her e-mail address of teresa.tarr@courtswv.gov and to hand deliver the same documents to Ms.Tarr and the Commission at the offices of the Commission. Said procedure will be followed to comply with the provisions of Federal Rule of Civil Procedure 65(a) to give notice of the motion for a Temporary Restraining Order and Preliminary and Permanent Injunction.

WHEREFORE, the Plaintiff requests a Temporary Restraining Order, promptly but not until notice is given to the Defendants, and thereafter for a Preliminary and/or Permanent Injunction to bar enforcement of Rule 4.1(a)(10) and (11) against the Plaintiff.

Respectfully submitted,

s/ *Martin P. Sheehan*

Martin P. Sheehan, Esq.

W.Va. Bar No. 4812

Sheehan & Associates, PLLC
1140 Main St.
Suite 333
Wheeling, WV 26003
(304) 232-1064
Martin@MSheehanLaw.Net
Paralegal@MSheehanLaw.Net