IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MARTIN P. SHEEHAN,

       Plaintiff,

v.                                    **Case No. 2:26-CV-00180**

WEST VIRGINIA JUDICIAL INVESTIGATION
COMMISSION and TERESA TARR, in her
official capacity as Counsel to the West Virginia
Investigation Commission,

       Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION PLAINTIFF'S MOTION FOR
<u>TEMPORARY RESTRAINING ORDER</u>**

This Court should deny Plaintiff's Motion for Temporary Restraining Order [ECF No. 11] because the challenged Rules do not violate the First Amendment. "The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). West Virginia Code of Judicial Conduct Rules 4.1(a)(10) and (11) protect the Constitutional right to an impartial tribunal by forbidding judicial candidates from making a narrow category of statements: Statements indicating that the candidate will not "apply[] the law (as he sees it) evenhandedly." *Republican Party of Minnesota v. White*, 536 U.S. 765, 777 (2002).

Those Rules do not, as the Plaintiff argues, broadly bar candidates' ability to "express [themselves] in campaigning." [ECF No. 12] at 1. Instead, the Rules prohibit candidates from making narrow categories of statements: statements that undermine the fairness of pending or soon-to-be-pending actions (in the case of (a)(10)) and making pledges or promises inconsistent with the impartial performance the Constitution requires of a judge (in the case of (a)(11)). Those

Rules bar, for example, a candidate's promise to resolve a case wending its way through the appellate process a particular way if he or she is elected to the tribunal soon to hear the case. There is nothing unconstitutional about "prohibiting judicial candidates from promising particular rulings once elected." *Penn. Fam. Inst., Inc. v. Celluci*, 521 F. Supp. 2d 351, 376 (E.D. Pa. 2007). Several courts considering First Amendment challenges to rules prohibiting the sorts of statements West Virginia Code of Judicial Conduct Rules 4.1(a)(10) and (11) bar have upheld them—even in the wake of *White*. *Id.*; *see also Bauer v. Shepard*, 634 F. Supp. 2d 912, 947 (N.D. Ind. 2009) (upholding a pledges and promises rule like West Virginia Code of Judicial Conduct Rule 4.1(a)(11) in a First Amendment challenge). Plaintiff is unlikely to succeed on the merits of his case (or establish any of the other *Winter* factors), and this Court should deny his Motion.

## BACKGROUND

The West Virginia Code of Judicial Conduct (the Code) governs the conduct of West Virginia's state court judges and judicial candidates. The West Virginia Judicial Investigation Commission (WVJIC), a Commission created by the Supreme Court of Appeals of West Virginia, investigates alleged breaches of the Code and enforces the Code when there is evidence a judge or candidate breached it. The WVJIC also provides advisory opinions to answer questions that judges or judicial candidates have regarding the Code.

Plaintiff has not alleged the WVJIC is investigating alleged violations of the Code against the Plaintiff. Because it is not. Nor does Plaintiff allege the WVJIC is bringing an enforcement action against him. Again, it is not. Plaintiff also does not allege that he sought advice from the WVJIC regarding the Code and that advice led him to believe the challenged Rules violated his First Amendment rights. Because he did not. In fact, no one at the WVJIC even spoke with the Plaintiff prior to this lawsuit.

In his Complaint, Plaintiff broadly alleges that he suffers a "restriction on his ability to communicate with voters before a statewide election to be held in May of 2026" because of West Virginia Code of Judicial Conduct Rules 4.1(a)(10) and (11). [ECF No. 1] at ¶ 16. He alleges no specific communications that he fears to make because of Rules 4.1(a)(10) or (11).  Nor has he alleged any voter outreach methods he will not take because of the Rules.

That is likely because Rules 4.1(a)(10) and (11), which are drawn from the Model Code of Judicial Conduct, bar only narrow types of statements. Rule 4.1(a)(10) prohibits candidates from "mak[ing] any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending* or impending* in any court." Rule 4.1(a)(11) states that candidates shall refrain "in connection with cases, controversies, or issues that are likely to come before the court, [from making] pledges, promises, or commitments that are inconsistent with the impartial* performance of the adjudicative duties of judicial office." The comments to Rule 4.1(a)(11) state that it does not prohibit "statements or announcements of personal views on legal, political, or other issues, which are not prohibited." W. Va. R. J. C. Rule 4.1 cmt. 13. It also clarifies that candidates "may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid favoritism in appointments and hiring." *Id.* at cmt. 14. A statement is prohibited under the Rule only "if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result" despite the Constitutional requirement of judicial impartiality. *Id.* at cmt. 13.

## LEGAL STANDARD

A party seeking a temporary restraining order or a preliminary injunction must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent relief;

3

(3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. See *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020); *see also Maages Auditorium v. Prince George's Cty., Md.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014) (holding the standard for a TRO is the same as a preliminary injunction).

## ARGUMENT

Plaintiff cannot establish any of the *Winter* factors, and this Court should deny his request for a temporary restraining order and/or a preliminary injunction.

### 1. Plaintiff is unlikely to succeed on the merits of his claim.

West Virginia Code of Judicial Conduct Rules 4.1(a)(10) and (11) do not violate the First Amendment; instead, they are narrowly-tailored rules barring candidates from making statements indicating they will not "apply[] the law (as [they see] it) evenhandedly." *White*, 536 U.S. at 777. The Plaintiff neither addresses the text of these Rules nor explains how they violate his First Amendment rights. Instead, Plaintiff contends that "[s]aid rules appear unenforceable pursuant to the decision of the Supreme Court of the United States in *Republican Party of Minnesota v. White, Chairperson, Minnesota Board of Judicial Standards*, 536 U.S. 765 (2002)." [ECF No. 12] at 2. That argument fails from the get-go—*White* shows why Rules 4.1(a)(10) and (11) are permissible, Constitutional limits on judicial candidate speech.[1]

---

[1] Plaintiff suggests that the Rules are prior restraints on speech. [ECF No. 12] at 2. Categorically, they are not. "A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001); *see also Nat'l Fed'n of Blind v. F.T.C.*, 303 F. Supp. 2d 707, 723 (D. Md. 2004), *aff'd sub nom. Nat'l Fed'n of the Blind v. F.T.C.*, 420 F.3d 331 (4th Cir. 2005) ("While it is presumptively unlawful to bar speech before it occurs, First Amendment law fully accepts the ability to penalize speech that occurred in the past, after it has been challenged and the speaker has had the opportunity for appellate review."). A law that calls for action, such as punishment, *after* speaking, "like a punishment for disfavored speech, is not a prior restraint." *Novak v. City of Parma*, 932 F.3d 421, 432 (6th Cir. 2019).

*Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010) didn't change that aspect of the law. Instead, it found that the uniquely complicated nature of Federal Election Commission regulations paired with the

In *White*, the Supreme Court considered whether a rule prohibiting judicial candidates from "announc[ing] his or her views on disputed legal or political issues" violated the First Amendment. 536 U.S. at 770. Importantly for purposes of this case, the Supreme Court "express[ed] no view" on a separate rule that "prohibits judicial candidates from making 'pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office.'" *Id.* That rule, the pledges and promises rule, is the predecessor to the Model Rule of Judicial Conduct on which West Virginia Rule of Judicial Conduct 4.1(a)(11) is based. *See Bauer*, 634 F. Supp. 2d at 928–32 (explaining the difference between various iterations of the pledges and promises rule in the Model Rules of Judicial Conduct). Because the Supreme Court expressly stated that it was not considering the pledges and promises rule, *White* does not render Rule 4.1(a)(11) unenforceable. Likewise, no party in *White* challenged a rule barring candidates from making statements likely to improperly affect the outcome of a pending case, so *White* does not render Rule 4.1(a)(10) unenforceable either.

Although *White* did not address Rules 4.1(a)(10) or (a)(11), Justice Scalia's analysis shows why those Rules survive after *White*. Like any First Amendment challenge, the Supreme Court applied strict scrutiny to the rule and required the government to show that (1) a compelling interest animated the rule and (2) the government narrowly tailored the rule. *Id.*

---

deference courts pay the Federal Election Commission rendered the challenged regulations "the equivalent of the prior restraint by giving the FEC power analogous to licensing laws implemented in 16th- and 17th-century England, laws and governmental practices of the sort that the First Amendment was drawn to prohibit." *Id.* at 335.

In this case, the challenged rules aren't particularly complex nor does the WVJIC receive any special deference. *See* Syl. Pt. 1, *W. Va. Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980) ("The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial Review Board in disciplinary proceedings"). There is no basis to determine the challenged Rules are prior restraints on speech where they merely call for after-the-fact discipline.

At the first stage of the test, the government asserted that it had a compelling interest in "preserving the impartiality of the state judiciary and preserving the appearance of the impartiality of the state judiciary." *Id.* at 775. But neither the government nor the court below explained what the concept of judicial "impartiality" meant. *Id.* So the Supreme Court examined what judicial impartiality means and when it constitutes a compelling interest.

The Supreme Court rejected the notion that judicial impartiality embraces "lack of preconception in favor of or against a particular legal view." *Id.* at 776. Instead, it held that, for purposes of a state's compelling interest, judicial impartiality means the "lack of bias for or against either party to the proceeding." *Id.* Therefore, while a state does not have a compelling interest in preventing judicial candidates from expressing their views on the law, it does have a compelling interest in "guarantee[ing] a party that the judge who hears his case will apply the law to him in the same way he applies it to any other party." *Id.* Ultimately, the Court determined that the rule challenged in *White* was not narrowly tailored to prevent "any bias against [one] party, or favoritism toward the other party." *Id.*

Rules 4.1(a)(10) and 4.1(a)(11), on the other hand, *are* narrowly tailored to promote judicial impartiality. In the wake of *White*, the United States District Court for the Southern District of Indiana held that a pledges or promises rule nearly identical to Rule 4.1(a)(11)[2] survives strict

---

[2] Several courts diverged on whether broader iterations of the pledges or promises rule survived First Amendment scrutiny after *White*. That broader version of the pledges and promises rule challenged in those cases forbade candidates from "mak[ing] pledges or promises of conduct in office other than the faithful and impartial performance of duties of the office" and "mak[ing] statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the court." *Compare Celluci*, 521 F. Supp. 2d at 379 (upholding the broader version of the rule, but construing it narrowly to "prohibit[] judicial candidates from promising particular rulings once elected")*; In re Watson*, 100 N.Y.2d 290, 303, 794 N.E.2d 1, 8 (2003) (upholding the broader version of the rule); *In re Kinsey*, 842 So. 2d 77 (Fla. 2003) (same) *with N. Dakota Fam. All., Inc. v. Bader*, 361 F. Supp. 2d 1021, 1041 (D.N.D. 2005) (determining the broader rule violated the First Amendment because the "appear[ing] to commit" language is tantamount to the announcement rule the Supreme Court struck down in *White*); *Fam. Tr. Found. of Kentucky, Inc v. Wolnitzek*, 345 F. Supp. 2d 672, 701 (E.D. Ky. 2004) (determining the broader

scrutiny. *See Bauer*, 634 F. Supp. 2d at 935.[3] In *Bauer*, the court determined the public has "compelling interests in the principles of justice, the rule of law, and a judiciary characterized by fairness, impartiality, independence, integrity, and competence." *Bauer*, 634 F. Supp. 2d 944. That is not surprising. Courts have long recognized "only a fanatic would suppose . . . that the principle of freedom of speech should be held to entitle a candidate for judicial office to promise to vote for one side or another in a particular case or class of cases." *Buckley v. Illinois Jud. Inquiry Bd.*, 997 F.2d 224, 227 (7th Cir. 1993).[4] Rule 4.1(a)(11) and its kin are narrowly tailored to further those compelling interests because prohibited speech "is limited to pledges, promises, and commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office" while "broad political speech" is still permitted. *Bauer*, 634 F. Supp. 2d at 948; *see also Bauer v. Shepard*, 620 F.3d 704, 714 (7th Cir. 2010) ("Plaintiffs treat as 'overbroad' any law forbidding any speech that is constitutionally protected. It is not clear to us that any speech covered by the commits clauses[5] is constitutionally protected, as *White I* understands the first amendment."); *Celluci*, 521 F. Supp. 2d at 379 ("[T]he pledges and promises clause avoids these

---

rule violated the First Amendment because, among other reasons, it "prohibits making *any* promises, except for those promising to faithfully and impartially perform one's judicial duties"). The issues presented by the broader formulation of the rule are not present in Rule 4.1(a)(11) because the Rule's express terms limit it to prohibiting "pledges, promises, and commitments that compromise or undercut a judge's impartiality as to cases, controversies, and issues that are likely to come before the judge" while preserving candidates' ability to "make pledges, promises, and commitments that are consistent with judicial impartiality." *Bauer*, 634 F. Supp. 2d at 946.

[3] Part of *Bauer*'s holding was modified by the Seventh Circuit to alter a mootness holding to a ripeness holding. *See Bauer v. Shepard*, 620 F.3d 704 (7th Cir. 2010). That modification does not matter for purposes of this case.

[4] *Buckley*, which predates *White*, dealt with the broader version of the pledges and promises and rule on which several courts diverged, *see supra* n. 1, and struck it down. Judge Posner was careful to note, however, that regulating "promises to rule in particular ways in particular cases or types of case, are within the state's regulatory power." *Buckley*, 997 F.2d at 230.

[5] The "commits clause" referenced by the Seventh Circuit in this context embraces a rule nearly identical to Rule 4.1(a)(11).

overbreadth problems while also fulfilling the clause's purpose of prohibiting judicial candidates from promising particular rulings once elected.").

Rule 4.1(a)(10), which bars statements that could "reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court," is Constitutional too. There is a dearth of case law involving First Amendment challenges to analogous provisions, but cases involving the enforcement of similar rules from other jurisdictions show that it too survives strict scrutiny. For example, in *Matter of Seraphim*, 97 Wis. 2d 485, 511, 294 N.W.2d 485, 499 (1980), the Supreme Court of Wisconsin determined that a judge violated a similar rule when the judge expressed an opinion on the guilt of a defendant appearing before him. The Supreme Court of Ohio held the same when a judge said that he was going to "check [the] defendant into the boards" and that he was not going to release the defendant from jail to "go smoke crack again." *Disciplinary Couns. v. Gaul*, 2010-Ohio-4831, ¶ 65, 127 Ohio St. 3d 16, 25, 936 N.E.2d 28, 37. The common thread in cases involving the enforcement of rules similar to Rule 4.1(a)(10) is that the challenged statements undermine the notion that a judge or candidate has a "lack of bias for or against either party to the proceeding."[6] *White*, 536 U.S. at 775. Barring only that narrow type of statement survives strict scrutiny under *White*.

This Court should uphold Rules 4.1(a)(10) and (11). West Virginia has a compelling interest in ensuring an impartial judiciary. *See, e.g.*, *Matter of Callaghan*,[7] 238 W. Va. 495, 511, 796 S.E.2d

---

[6] The Rule's comments clarify that it does not bar "arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter." W. Va. R. J. C. Rule 4.1 cmt. 10.

[7] In his Motion, Plaintiff cites *Callaghan* for the proposition that the WVJIC may "ban . . . truthful speech on issues relevant to the office of Justice of the Supreme Court." [ECF No. 12] at 3. *Callaghan* does not support that proposition. And the Seventh Circuit rejected the notion that the fact that a pledges and promises rule *might* be misapplied by a regulatory body shows that the law is unconstitutional. *Bauer*, 620 F.3d at 716. ("Plaintiffs want us to deem the law vague by identifying situations in which state officials might take an untenably broad reading of the commits clauses, and then predicting that they will do so. It

604, 620 (2017) ("[T]he bedrock of the public's submission to the judiciary's authority is the public's faith in its integrity, impartiality, and fairness."). Rules 4.1(a)(10) and (a)(11) are narrowly tailored to promote that compelling interest by barring limited types of statements that run counter to judicial impartiality. This Court should therefore deny the temporary restraining order because Plaintiff is unlikely to succeed on the merits of his case. *See Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) ("[A] district court is entitled to deny preliminary injunctive relief on the failure of any single *Winter* factor, without fully evaluating the remaining factors.").

**2. Plaintiff cannot demonstrate the remaining *Winter* factors.**

Not only is Plaintiff unlikely to succeed on the merits of his claim, but he also cannot satisfy the other *Winter* factors. Plaintiff cannot demonstrate irreparable harm because the challenged Rules comply with the First Amendment. Plaintiff also cannot demonstrate that the equities tip in his favor when the challenged rules satisfy the Constitution. Finally, the injunction Plaintiff seeks is not in the public's interest. The public has no interest in a Supreme Court campaign season where candidates are permitted to make improper promises that undermine judicial impartiality. This Court should deny Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion for Temporary Restraining Order [ECF No. 11].

---

is far preferable, however, and more respectful of our judicial colleagues in Indiana, to assume that they will act sensibly and resolve the open questions in a way that honors candidates' rights under the first amendment.").

Much like *Bauer*, Plaintiff does not allege that the WVJIC has taken any improper steps that affect his speech. Instead, his case is premised on the notion that the Rules *might* be misapplied to affect protected speech. That's not enough to strike down the Rules. *Id.*

Dated: March 20, 2026

Respectfully submitted,

*/s/Christopher D. Smith*
Christopher D. Smith (WVSB #13050)
Laura E. Babiak (WVSB #13581)
**BAILEY & GLASSER LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
csmith@baileyglasser.com
lbabiak@baileyglasser.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

MARTIN P. SHEEHAN,

      Plaintiff,

v.                                **Case No. 2:26-CV-00180**

WEST VIRGINIA JUDICIAL INVESTIGATION
COMMISSION and TERESA TARR, in her
official capacity as Counsel to the West Virginia
Investigation Commission,

      Defendants.

## CERTIFICATE OF SERVICE

I, Christopher D. Smith, counsel for Defendants, do hereby certify that on the 20th day of March, 2026, I served a true copy of the ***DEFENDANTS' RESPONSE IN OPPOSITION PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER*** was electronically filed and served through the Court's CM/ECF system to counsel of record.

                                        */s/Christopher D. Smith*
                                        Christopher D. Smith (WVSB #13050)

11