**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARTIN P. SHEEHAN,

Plaintiff,

v. CIVIL ACTION NO. 2:26-cv-00180

WEST VIRGINIA JUDICIAL
INVESTIGATION COMMISSION, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a Complaint, (ECF No. 1), filed by Plaintiff Martin P. Sheehan ("Plaintiff"), and a Motion to Dismiss, (ECF No. 22), filed by Defendants West Virginia Judicial Commission and Teresa Tarr ("Defendants"). For the reasons discussed below, the Court **DISMISSES** Plaintiff's Complaint for lack of standing, (ECF No. 1), and **DENIES AS MOOT** Defendants' Motion to Dismiss, (ECF No. 22).

***I. BACKGROUND***

A more detailed recitation of the factual and procedural history of this case can be found in this Court's previous Memorandum Opinion and Order entered on April 1, 2026. *Sheehan v. W. Va. Jud. Investigation Comm'n*, --- F.Supp.3d ----, No. 2:26-cv-00180, 2026 WL 892543 (S.D. W. Va. Apr. 1, 2026) (Johnston, J.). As such, only a brief recount of the pertinent facts follows below.

Plaintiff is a former—and aspiring—judicial candidate for the West Virginia Supreme Court of Appeals. He ran in the May 2026 Primary Election and intends to run again in 2028. (*See* ECF No. 1 at 1, ¶ 1; ECF No. 32 at 6, ¶ 7.) Plaintiff takes issue with Rule 4.1(A)(10) and (A)(11)[1] of the West Virginia Code of Judicial Conduct, alleging that these sections "adversely affect [his] . . . First Amendment Rights . . . in an election campaign." (ECF No. 1 at 3, ¶ 12.)

Plaintiff initially failed to identify any speech prohibited by Rule 4.1(A)(10) and (A)(11) that he intended to engage in. *Sheehan*, 2026 WL 892543, at *1 n.2. In fact, Plaintiff waited until the Court held a hearing on his Motion, (ECF No. 11), to inform both the Court and Defendants of the allegedly prohibited speech he wished to offer. (March 25, 2026, Hr'g Tr. at 25–26.) At that hearing, Plaintiff expressed his desire to speak on only one issue; that is, the in-court disagreement between the West Virginia Executive Branch and the West Virginia School Board of Education in a West Virginia case involving vaccine exemptions in schools. (March 25, 2026, Hr'g Tr. at 25–26.) The Court asked Defendants during the hearing if Rule 4.1(A)(10) and (A)(11) prohibits such speech, but they did not give a definitive answer. (*See id.* at 28–29.)

Shortly after the hearing, Defendants filed a 12(b)(6) motion to dismiss. (ECF No. 22.) Then, on April 1, 2026, the Court entered its Memorandum Opinion and Order denying Plaintiff's motion for a Temporary Restraining Order and/or a Preliminary and Permanent Injunction. *Sheehan*, 2026 WL 892543. After the Court entered this Order, West Virginia held its Primary

[1] Pursuant to these Rules,

> [e]xcept as permitted by law,*[] or by Rules 4.2, 4.3, and 4.4, a judge or a judicial candidate* shall not: . . . 10. make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending* or impending* in any court; or 11. in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial* performance of the adjudicative duties of judicial office.

W. Va. Jud. Code R. 4.1(A)(10)–(11).

Election, which Plaintiff lost.[2] Consequently, the Court ordered the parties to show cause why the case should not be dismissed as moot. (ECF No. 30.)

Both Defendants' Motion to Dismiss, (ECF No. 22), and the Court's Order, (ECF No. 30), are fully briefed. As such, this matter is ripe for adjudication.[3]

## *II. LEGAL STANDARD*

Federal district courts are courts of limited subject matter jurisdiction, possessing "only the jurisdiction authorized to them by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2008). Under the Federal Rules of Civil Procedure, the court must dismiss a case "at any time" upon determining it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). Standing is an integral component of the case or controversy requirement. *Id.* at 342. "Standing also 'tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.'" *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) (quoting *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982)). A plaintiff must satisfy Article III's standing requirements by showing (1) he suffered an "injury in fact" that is both "concrete and particularized" and "actual

[2] *See* May 12, 2026, Primary Election, Official Results, W. Va. Sec. of State (last updated June 15, 2026), https://results.enr.clarityelections.com/WV/126209/web.345435/#/summary?category=C_3.

[3] Plaintiff has also had the opportunity to address issues related to standing at the Court's March 25, 2026, motion hearing. (March 25, 2026, Hr'g Tr. at 25–26, 29 (informing the Court what kind of speech Plaintiff wished to engage in and stating that the Court has heard all available evidence).)

and imminent, not conjectural or hypothetical;" (2) his injury is "fairly traceable" to the conduct of the defendant, and (3) his injury will "likely" be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

In First Amendment cases, these standing requirements are "somewhat relaxed" because of the danger of chilling free speech. *Cooksey v. Futrell*, 721 F.3d 226, 235 (4th Cir. 2013). A plaintiff can prove injury in fact by showing "threatened rather than actual injury . . . [but] not all threatened injuries constitute an injury in fact." *PETA, Inc. v. Stein*, 737 Fed. App'x 122, 130 (4th Cir. 2018) (per curiam) (quoting *Beck v. McDonald*, 848 F.3d 262, 271 (4th Cir. 2017)). Indeed, "'[a]llegations of *possible* future injury are not sufficient' to convey standing." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Consequently, a plaintiff can satisfy the injury in fact element "by a sufficient showing of 'self-censorship, which occurs when a claimant is chilled from exercising h[is] right to free expression.'" *Cooksey*, 721 F.3d at 235 (quoting *Benham v. City of Charlotte*, 635 F.3d 129, 135 (4th Cir. 2011)). Importantly, "not just any alleged chilling of speech will do." *Menders v. Loudoun Cnty. Sch. Bd.*, 65 F.4th 157, 165 (4th Cir. 2023*)*. "A plaintiff must allege that he or she has 'experienced a non-speculative and objectively reasonable chilling effect' on speech." *Id.* (quoting *Cooksey*, 721 F.3d at 236).

## *III. DISCUSSION*

Defendants first raised the issue of Plaintiff's standing in their response to this Court's June 16, 2026, Order.[4] (ECF No. 34.) Defendants argue that Rule 4.1(A)(10) and (A)(11) "plainly

[4] The Court's June 16, 2026, Order required the parties to show cause why the case should not be dismissed as moot considering Plaintiff's loss in the May 2026 West Virginia Primary Election. (ECF No. 31.) Plaintiff responded that the case is not moot because it falls under the mootness exception for cases capable of repetition yet evading review. (ECF No. 32.) The Court agrees that Plaintiff's case did not become moot simply because he lost the election. *See Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011).

permit" the speech Plaintiff fears to engage in. (*Id.* at 3.) Consequently, Defendants reason that Plaintiff fails to show an injury in fact because he cannot identify an objective threat of harm. (*Id.* at 4.) As discussed below, the Court agrees.

The Fourth Circuit, in *Menders v. Lououn County School Board*, explained that a plaintiff may establish standing to pursue his First Amendment chilling of speech claim in two ways. 65 F.4th at 165. First, he may do so by showing that he "intend[s] to engage in conduct at least arguably protected by the First Amendment but also proscribed by the policy [he] wish[es] to challenge, and that there is a 'credible threat' that the policy will be enforced against [him] when" he does. *Id.* (internal quotation marks omitted) (quoting *Abbott v. Pastides*, 900 F.3d 160, 176 (4th Cir. 2018)). "[A] credible threat of enforcement is critical[.]" *Abbott*, 900 F.3d at 176. "The most obvious way to demonstrate a credible threat of enforcement in the future, of course, is an enforcement action in the past." *Id.*

Alternatively, the plaintiff "may make a sufficient showing of self-censorship, establishing a chilling effect on [his] free expression that is objectively reasonable." *Menders*, 65 F.4th at 165. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm[.]" *Cooksey*, 721 F.3d at 236 (quoting *Laird v. Tatum*, 408 U.S. 1, 11 (1972)) (internal quotation marks omitted). To meet this burden, the plaintiff must show "that the challenged 'action would be likely to deter a person of ordinary firmness from the exercise of [his] First Amendment rights.'" *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 167 F.4th 86, 97 (4th Cir. 2026).

Here, under the first *Menders* method, Plaintiff cannot show that Rule 4.1(A)(10) and (A)(11) proscribe his speech.. *See Menders*, 65 F.4th at 165. True, Defendants initially refrained

from expressly stating that Rule 4.1(A)(10) and (A)(11) permit or prohibit Plaintiff's desired speech. (March 25, 2026, Hr'g Tr. at 28–29.) Now though, Defendants expressly assert that Rule 4.1(A)(10) and (A)(11) "plainly permit[]" the only speech Plaintiff expressed a desire to engage in. Accordingly, Plaintiff's assertions that these rule sections prohibit his speech obviously fail against Defendant's express concession that the rule sections permit his speech.

Further, Plaintiff fails to show a credible threat of enforcement. There is a complete dearth of evidence to support Plaintiff's claim that he faces a threat of enforcement. (ECF No. 1 at 4, ¶¶ 16–17.) Defendants are not currently investigating any alleged violations by Plaintiff. (ECF No. 18 at 2.) Neither party asserts that Defendants previously enforced Rule 4.1(A)(10) and (A)(11) against the type of speech Plaintiff wishes to express. *See Abbott*, 900 F.3d 160. The record further provides no indication that Defendants are likely to enforce Rule 4.1(A)(10) and (A)(11) against him in the future. Plaintiff feels there is a threat of enforcement simply because the rules exist. (ECF No. 1 at 4, ¶¶ 16–17.) This subjective, unsupported fear does not rise to a credible threat of enforcement, especially now that Defendants expressly assert that Rule 4.1(A)(10) and (A)(11) permit Plaintiff's desired speech. *See Abbott*, 900 F.3d at 177 (finding that once the plaintiff received written notice from the university that "neither investigation nor sanction was forthcoming," for his speech, he could not reasonably fear discipline).

Accordingly, Plaintiff fails to establish standing because he cannot show that he intends to engage in speech proscribed by Rule 4.1(A)(10) and (A)(11) and that he faces a credible threat of enforcement.

Additionally, under the second *Menders* avenue, Plaintiff cannot show that he reasonably censored his speech. *See Menders*, 65 F.4th at 165. Plaintiff alleges that he fears the risk of

sanctions under West Virginia Rule of Disciplinary Procedure 4.12. (ECF No. 1 at 4, ¶ 17.) Yet Plaintiff provides no evidence that Defendants will impose sanctions against him for engaging in his desired speech. *Cf. Cooksey*, 721 F.3d 236 (finding the government's previous review of the plaintiff's speech supported the plaintiff's self-censorship allegations). Likewise, Plaintiff does not sufficiently allege that Rule 4.1(A)(10) and (A)(11), by its terms, prohibits the speech Plaintiff desires to engage in. *Cf. North Carolina Right to Life, Inc. v. Bartlett*, 168 F.3d 705, 710 (4th Cir. 1999) (finding the statute's terms applied to the plaintiff and restricted the plaintiff's speech). In fact, it remains unclear whether Plaintiff has self-censored his speech at all. As Defendants argue, Plaintiff engaged in speech he believes the rule sections prohibit by filing his amicus brief before the West Virginia Supreme Court of Appeals. (*See* ECF No. 34 at 4.) Faced with these facts, nothing in the record suggests that Plaintiff has engaged in any form of self-censorship that runs afoul with the First Amendment.

Accordingly, Plaintiff fails to establish standing by showing that his self-censorship establishes an objectively reasonable chilling effect on his free expression.

## *IV. CONCLUSION*

Thus, for the reasons discussed herein, Plaintiff lacks standing to pursue his First Amendment claims against Defendant. Accordingly, this case is **DISMISSED** and retired from the docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 22, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE